■ DOLORES M. CONTINI et al., Respondents, v WILLIAM J. CLARK et al., Respondents, and TOWN OF ULSTER, Appellant. [621 NYS2d 926] —Appeal from an order of the Supreme Court (Cobb, J.), entered December 3, 1993 in Ulster County, which denied defendant Town of Ulster's motion for summary judgment dismissing the complaint against it.

Supreme Court properly denied defendant Town of Ulster's motion for summary judgment dismissing the complaint against it. A review of the record reveals that the Town failed to make a showing sufficient to establish, prima facie, an entitlement to judgment as a matter of law. As the court noted, the papers in support of the motion were conclusory with respect to the ownership and maintenance of the area at issue. In addition, although it contended that it had not received prior notice of a defective or dangerous condition, the Town failed to submit sufficient evidence in support of this assertion.

Cardona, P. J., Mikoll, Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.

■ JOSEPH P. O'SULLIVAN, Respondent, v RICHARD F. ESMAY, Appellant. [620 NYS2d 183] —Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered September 15, 1993, which affirmed a judgment of the City Court of the City of Albany in favor of plaintiff.

On this appeal, defendant claims that he was not provided with a reasonable adjournment in City Court to allow for his appearance. Initially, defendant elected to send an employee to represent him at the trial. During the course of the trial, however, an adjournment was requested so that defendant himself could appear. City Court permitted a one-hour adjournment. Defendant did not appear, however, citing his busy dental practice as the reason. Given these facts, we find no basis for reversing on the ground that the adjournment was inadequate. As County Court noted in affirming City Court, defendant knew that he was being sued and elected not to appear. He should have realized that his failure to appear could work to his detriment.

Mikoll, J. P., Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.